Ke v. Holder

BIA
Vu Bain, IJ
A087 462 998

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of November, two thousand thirteen.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> RALPH K. WINTER,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

SHUN KE,
> *Petitioner,*

v.                                    12-1222
                                      NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:      Nataliya I. Gavlin, New York, New York.

FOR RESPONDENT:      Stuart F. Delery, Acting Assistant Attorney General; Jennifer Williams, Senior Litigation Counsel; Dara S.

**Smith, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Shun Ke, a native and citizen of the People's Republic of China, seeks review of a February 29, 2012, decision of the BIA affirming the January 12, 2010, decision of Immigration Judge ("IJ") Quynh Vu Bain, which pretermitted his application for asylum and denied his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Shun Ke*, No. A087 462 998 (B.I.A. Feb. 29, 2012), *aff'g* No. A087 462 998 (Immig. Ct. N.Y. City Jan. 12, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as modified and supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are

well-established.  *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

**I.  Asylum**

An asylum applicant must demonstrate "by clear and convincing evidence," through credible testimony or reliable corroborating evidence, that he filed his application within one year after the date of his "arrival in the United States."  8 U.S.C. § 1158(a)(2)(B).  While this Court lacks jurisdiction to review the administrative determination that an asylum application is untimely, it retains jurisdiction to consider constitutional claims or questions of law.  *See* 8 U.S.C. §§ 1158(a)(2)(B), (3), 1252(a)(2)(D); *Dong Zhong Zheng v. Mukasey*, 552 F.3d 277, 285 (2d Cir. 2009).  Ke fails to raise such a reviewable argument, challenging only the IJ's factual findings that his and his aunt's testimony was inconsistent and the IJ's exercise of discretion in declining to credit his explanations for the inconsistencies.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 328-29 (2d Cir. 2006).  Accordingly, we lack jurisdiction to review the agency's pretermission of Ke's asylum application.  *See* 8 U.S.C. §§ 1158(a)(2)(B), (3), 1252(a)(2)(D).

**II. Withholding of Removal and CAT Relief**

For applications such as Ke's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on inconsistencies in his statements, and between those statements and other evidence or witness testimony, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008). We will "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling. *Xiu Xia Lin*, 534 F.3d at 167. The IJ's adverse credibility determination is supported by substantial evidence.

In finding Ke not credible, the IJ reasonably relied on inconsistencies: (1) between Ke's and his aunt's testimony regarding (a) when they first met in the United States, and (b) whether Ke told his aunt that he was Catholic and had been persecuted in China; and (2) between Ke's testimony that he did not know how his other aunt was treated while in the custody of Chinese police, and statements from that

4

aunt's letter and his own asylum application that she had been mistreated in custody. *See Xiu Xia Lin,* 534 F.3d at 167.

Although Ke argues that his aunt confused the question of when she *first* met Ke in the United States to ask only when, at any time, she met Ke after his arrival, his aunt was made aware of his testimony about the June 2008 encounter but still testified that she did not recall such a meeting. Also, contrary to Ke's argument that he misinterpreted the question regarding his aunt's knowledge about his persecution, the agency reasonably rejected that explanation as he denied telling his aunt not just details about his persecution, but basic information that he was Catholic and had left China due to persecution. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (providing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

The agency also reasonably declined to credit Ke's testimony that he had forgotten the information contained in his aunt's letter regarding her mistreatment given that they were family members who were detained on the same day for

attending the same church service. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Majidi*, 430 F.3d at 80-81. Equally unsatisfying is Ke's argument, raised for the first time before us, that he misinterpreted the question about his aunt's treatment "to mean him literally seeing the harm [she] suffered," because the question was not whether Ke saw his aunt while she was detained and his explanation does not resolve why he mentioned her mistreatment in his written statement and not in his testimony.[*]

Given these inconsistencies, the totality of the circumstances supports the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167; *Yanqin Weng*, 562 F.3d at 513. Because the only evidence of a threat to Ke's life or freedom from persecution or torture depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang*, 426 F.3d at 523.

---

[*]We do not reach Ke's further argument that the IJ erred by declining to accept his revisions to the translation of his original asylum statement because the BIA did not affirm this ground of the IJ's adverse credibility determination.

6

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7